# Richmond,

## ELLETT v. THE COMMONWEALTH.

### December 5th, 1888.

TAXATION—*Costs*—*Tender of coupons.*—Costs recovered in tax-suits are not "taxes, debts or demands due the Commonwealth." The officers of the court to whom they are due, are under no obligation to receive coupons in payment of their fees, and a tender of coupons of the State, genuine or spurious, in payment thereof, is not good.

Error to judgment of circuit court of city of Richmond, rendered May 18th, 1888, in proceedings for taxes, wherein the Commonwealth was plaintiff and H. W. Ellett, the plaintiff in error, was the defendant.

*Wm. L. Royall,* and *A. B. Guigon,* for plaintiff in error.

*Attorney General R. A. Ayers,* for defendant in error.

LACY, J., delivered the opinion of the court.

This was an action brought by the Commonwealth under the act of May 12, 1887, entitled "an act to provide for the recovery, by motion, of taxes and certain debts due the Commonwealth, for the payment of which papers purporting to be genuine coupons of the Commonwealth have been tendered." The plaintiff in error had already been sued under this act, and judgment was recovered by the Commonwealth for the taxes, and for $16.40 for costs; and, execution having been issued thereon, the defendant, Ellett, tendered coupons in payment both for the judgment and the said costs; and, the tender being refused, the plaintiff

in error was again sued under the said act, and in this suit he pleaded that he had tendered coupons, both for the taxes due the Commonwealth and the costs due the officers of the court; but the court held that he could not pay the costs in coupons, rejected his plea, and gave a second judgment against him, in spite of his plea that the law of the Commonwealth which forbade the payment of costs in coupons was repugnant to the tenth section of Article I of the Constitution of the United States. In this action of the circuit court there was no error. There is no obligation upon the officers of the court to receive coupons in payment of their fees. These fees were not for "taxes, debts, and demands due the Commonwealth," but were the property of the officers of the court, to which the State had and could have no valid claim; and there is no obligation upon these officers in any case to receive the coupons of the State, genuine or spurious, in payment of their fees. It follows that there is no error in the said judgment, and the same is affirmed.

LEWIS, P., dissented.

JUDGMENT AFFIRMED.